UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>SEVERINO CRUZ-SALAZAR,<br><br>Defendant. | CASE NO. CR18-113RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Compassionate Release filed by Defendant Severino Cruz-Salazar. Dkt. #31, supplemented by counsel at Dkt #38. Mr. Cruz-Salazar, an inmate at North Lake Correctional Institution in Baldwin, Michigan, moves for immediate release due to his risk of contracting COVID-19 while incarcerated and to address potentially undiagnosed health conditions. *Id*.

On December 7, 2018, this Court sentenced Mr. Cruz-Salazar to a 72-month prison term for possession of a controlled substance with intent to distribute. Dkts. #28 and #29. His projected release date is July 9, 2023.

On October 21, 2020, Mr. Cruz-Salazar applied to the warden at his facility for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The petition was denied. Dkt. #38 at 22. The parties agree he has satisfied the exhaustion requirement. *See* Dkt. #43 at 6.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

Mr. Cruz-Salazar is 41 years old. *See* Dkt. #44. His Motion states that he is at a higher risk of contracting COVID-19, that he has headaches, depression, and constant abdominal pain. Dkt. #31 at 2. His medical records indicate he has nausea with his headaches and high levels of pain, and that these headaches are quite frequent. *See* Dkt. #44. Mr. Cruz-Salazar is concerned that he has an un-diagnosed, significant medical problem. Dkt. #38 at 3.

His medical records also indicate that he has been prescribed medication for the headaches, along with advice on avoiding headache triggers. Dkt. #44 at 39. Brain imaging was considered and ultimately found to not be "medically necessary." *See id.* at 13 and 111. X-rays were taken for his abdominal pain. *Id.* at 31. On December 17, 2020, notes from a visit with the doctor indicate that his abdominal pain was reduced by the addition of "geri mucil fiber" and that the x-rays indicated clinical constipation, and that the obstruction had passed. *Id.* at 47.

The Government, in its response, points to BOP records indicating that there are no inmates at the North Lake Correction Institution currently testing positive for COVID-19 (at the time the briefing was filed). Dkt. #43 at 8.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a

correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat of COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

The Court finds that Mr. Cruz-Salazar has exhausted his administrative remedies and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief. Mr. Cruz-Salazar argues that this requirement is satisfied by his heightened risk of contracting COVID-19 and due to his medical conditions above.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

The Court finds that Mr. Cruz-Salazar is currently managing his headaches and abdominal pain with medication, and that he has failed to show he is not receiving adequate medical care. The Court finds that Mr. Cruz-Salazar has failed to demonstrate one or more medically-documented chronic health conditions rendering him more vulnerable to COVID-19. There is no evidence that headaches, nausea, or this type of abdominal pain, separately or together, place Mr. Cruz-Salazar at higher risk. His relatively young age does not place him at high risk. The Court has not been presented with evidence of a significant outbreak of COVID-19 in the facility where he is housed, and vaccines should become increasingly available for Mr. Cruz-Salazar and other inmates at his facility. Any other arguments for extraordinary and compelling circumstances lack sufficient evidence to support a finding that he is more vulnerable to COVID-19.

Given all of the above, the Court finds no extraordinary and compelling reason to grant the requested relief and the Court need not proceed through Mr. Cruz-Salazar's Section 3553 factors or any other considerations. Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkts. #31 and #38, is DENIED.

DATED this 17th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE